JOSEPH SAMUELS & another *vs.* ROBERT SPITZER.

Bristol.    October 22, 1900. — December 3, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Equity — Demurrer — Allegations — Copyright.*

A bill in equity alleged that for many years the plaintiff had been engaged in the business of selling ready made clothing and other articles, under the name of the "Manufacturers' Outlet Company," and had widely advertised this business in Rhode Island and especially in southeastern Massachusetts, and by such advertising and by his methods of carrying on business had established a large and well known trade and earned a wide reputation; that he had caused this name to be copyrighted under the laws of the United States as a trade-mark, to be used on goods to be sold by him; and that the defendant, fraudulently seeking to deceive and mislead the public to his own advantage, had established in T., in southeastern Massachusetts, in a neighborhood from which a considerable part of the plaintiff's trade was drawn, a shop for the sale of goods similar to those sold by the plaintiff, and had advertised his business under the name " T. Outlet Company," and was thereby deceiving the public and diverting trade from the plaintiff. *Held,* that, if all that was stated in the bill was true, the defendant was wilfully and wrongfully trying to avail himself of that which did not belong to him, but which belonged to the plaintiff and was valuable.

BILL IN EQUITY, to enjoin the defendant from carrying on business under the name of the " Taunton Outlet Shoe Company," or under any name containing the word " Outlet," and for an account. The defendant demurred to the bill for want of equity. In the Superior Court a decree was entered dismissing the bill with costs; and the plaintiffs appealed. The facts appear in the opinion.

*W. H. Fox*, (*F. B. Fox* with him), for the plaintiffs.

*H. S. Williams*, for the defendant.

KNOWLTON, J. This case comes before us on the plaintiffs' appeal from a decree sustaining the defendant's demurrer to the plaintiffs' bill. The only question is whether, if the plaintiffs prove all their averments, the court can give them relief in equity.

They say that for many years they have been engaged in the business of selling ready made clothing, men's furnishing goods, shoes, mackintoshes, and rubber goods, under the name and style of the "Manufacturers' Outlet Company," and have widely advertised this business in the State of Rhode Island and especially in the southeastern part of Massachusetts, and by such advertising and by their methods of carrying on business have established a large and well known trade and earned a wide reputation. They also say that they have caused this name to be copyrighted under the laws of the United States as a trademark, to be used on goods to be sold by them. They allege that the defendant, fraudulently seeking to deceive and mislead the public to his own advantage, has established in Taunton, in a neighborhood from which a considerable part of the plaintiff's trade is drawn, a shop for the sale of goods similar to those sold by the plaintiffs, and has advertised his business under the name "Taunton Outlet Company," and is thereby deceiving the public and diverting trade from the plaintiffs. If all that is stated in the bill is true, the defendant is wilfully and wrongfully trying to avail himself of that which does not belong to him, but which belongs to the plaintiffs and is valuable. In establishing a new business the defendant had no occasion to adopt a name which would be likely to mislead the public and induce them to believe that the business which he was establishing was conducted by the plaintiffs. It was easy to choose a satisfactory name unlike the plaintiffs', and to conduct the business in such a way as to leave the plaintiffs the whole benefit of such reputation as they had gained in the community. Although the resemblance between the names under which the respective parties do business is not such as to make it certain without evidence that the public is misled in regard to the identity of either of the parties, it is such that the facts averred seem not

improbable.   The term " Outlet Company," which is the same in each, is one that would be likely to fix attention, while the word " Manufacturers " which appears in one name and the word " Taunton " which appears in the other is general, and is applicable as well to one as to another of many different parties.   It seems probable that the only distinctive word which is not common to both names would fail to impress itself upon the attention of many persons who are about to buy such goods as the parties sell.   If the plaintiffs prove the facts alleged, there is nothing in the character of their business name which will deprive them of their rights to the benefits that are connected with it.   *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85.   *Cady* v. *Schultz*, 19 R. I. 193.   *Gillott* v. *Esterbrook*, 48 N. Y. 374.   *Sanders* v. *Jacob*, 20 Mo. App. 96. *Rubel* v. *Allegretti Chocolate Cream Co.* 76 Ill. App. 581.   *Lever Bros.* v. *Pasfield*, 88 Fed. Rep. 484.   *Colgate* v. *Adams*, 88 Fed. Rep. 899.   *National Biscuit Co.* v. *Baker*, 95 Fed. Rep. 135.

*Decree reversed ; demurrer overruled.*