CHARLES S. VIANO & another *vs.* JOSEPH BACCIGALUPO.

Suffolk.   December 1, 1902. — March 21, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Equity Jurisdiction*, To restrain use of trade name.   *Trade Name.*

One who has established a business under the name of Boston Peanut Roasting Company can be found to be entitled to an injunction to restrain another from carrying on the same kind of business established later in the same street under the name Boston Trade Peanut Roasting Company.

If one establishes the right to the use of a trade name by carrying on a business in partnership with another, and later his partner withdraws and is succeeded by a new partner who does not purchase the good will of his predecessor, the first man retains his priority as against a stranger who undertakes a like business under practically the same trade name during the existence of the original partnership and carries it on after the change of partners.

BILL IN EQUITY, filed December 3, 1900, to enjoin the defendant from using or imitating the trade name of Boston Peanut Roasting Company, or from using the word Boston in connection with the business of roasting peanuts.

In the Superior Court *Richardson*, J. ruled that the defendant should be restrained from using the name Boston Trade Peanut Roasting Company in any way likely to cause confusion and mistakes, or to deceive and mislead the trade and public as to the identity of the plaintiffs' and defendant's business, and by agreement of the parties reported the case for determination by this court, such decree to be entered as law and justice might require.

*O. Mitchell*, for the plaintiffs.

*G. J. Tufts*, for the defendant.

LORING, J.   When the defendant entered upon the business of roasting peanuts he found the plaintiff Viano and one Cavagnaro carrying on the same business, as partners, at 94 Fulton Street, under the name of the " Boston Peanut Roasting Company "; and he found that the plaintiff Viano, either with Cavagnaro or with the plaintiff Roman as a partner, had carried on that business for five years under that name and at the same place.   It was under these circumstances that the defendant, entering upon the business of roasting peanuts for the first time, hired premises on the same street, Fulton Street, and adopted as a business name the identical name used by the plaintiffs, with the sole exception that he inserted the word Trade between Boston and Peanut.

The defendant justifies this on the ground that Boston being a geographical name is open to the public, and that he has the right to describe his particular business as a " Peanut Roasting Company."   The argument is an old one, and is so completely and satisfactorily disposed of by what was said by this court in *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85, 87, that it is not necessary to go over the ground a

second time. In that case Holmes, J., speaking for the court, said : " It is true that a man cannot appropriate a geographical name, but neither can he a color, or any part of the English language, or even a proper name to the exclusion of others whose names are like his. Yet a color in connection with a sufficiently complex combination of other things may be recognized as saying so circumstantially that the defendant's goods are the plaintiff's as to pass the injunction line. *New England Awl & Needle Co.* v. *Marlborough Awl & Needle Co.* 168 Mass. 154, 156. So, although the plaintiff has no copyright on the dictionary or any part of it, he can exclude a defendant from a part of the free field of the English language, even from the mere use of generic words unqualified and unexplained, when they would mislead the plaintiff's customers to another shop. *Reddaway* v. *Banham*, [1896] A. C. 199. So the name of a person may become so associated with his goods that one of the same name coming into the business later will not be allowed to use even his own name without distinguishing his wares. *Brinsmead* v. *Brinsmead*, 13 Times L. R. 3. *Reddaway* v. *Banham*, [1896] A. C. 199, 210. See *Singer Manuf. Co.* v. *June Manuf. Co.* 163 U. S. 169, 204; *Allegretti Chocolate Cream Co.* v. *Keller*, 85 Fed. Rep. 643. And so, we doubt not, may a geographical name acquire a similar association with a similar effect. *Montgomery* v. *Thompson*, [1891] A. C. 217." The same principle was later stated by the same judge in *Flagg Manuf. Co.* v. *Holway*, 178 Mass. 83, in which it was held that although the defendant had a right to make zithers in imitation of the plaintiff's, since the plaintiff's were not patented, yet he was not at liberty to palm off his goods for the plaintiff's. After stating that " the instrument sold is made as it is, partly at least, because of a supposed or established desire of the public for instruments in that form," the learned judge adds : " The only thing he has not the right to steal is the good will attaching to the plaintiff's personality, the benefit of the public's desire to have goods made by the plaintiff." In addition to these cases and the cases cited in them, see *Russia Cement Co.* v. *Le Page*, 167 Mass. 222; *Samuels* v. *Spitzer*, 177 Mass. 226.

In the case at bar the defendant has a right to carry on the business of roasting peanuts for the trade, and to carry it on in

Fulton Street in Boston, and to advertise that he is doing so. But he has no right in making those advertisements to steal the good will attaching to the plaintiffs' personality, the benefit of the public's desire to have their peanuts roasted by the plaintiffs. There can be no practical difficulty in giving to both the plaintiffs and the defendant their respective rights.

The defendant particularly relies on the case of *Aerators, Limited* v. *Tollitt*, [1902] 2 Ch. 319. That was a case where the plaintiff, being established as a joint stock company to sell sparklets, sought to enjoin the defendant from registering a company under the name of Automatic Aerators Patents, Limited, on the ground that such name so closely resembled the plaintiff's name as to be calculated to deceive within § 20 of the companies act of 1862. It appeared that "sparklets" were a small apparatus containing carbonic acid gas, by means of which the contents of bottles are aerated. One of the merits claimed for them was their portability, and their applicability to a small quantity of liquid. The patents which it was proposed should be acquired by the defendant company were for the aeration of liquids contained in tanks or cisterns of large size. It is apparent, therefore, that in *Aerators, Limited* v. *Tollitt*, the plaintiff relied on the word Aerators solely and by itself. In that case the business to be carried on by the plaintiff and defendant was not the same, and there was no question of confusion from the defendant's having established its place of business near the plaintiff's. The principle on which *Aerators, Limited* v. *Tollitt* depends is to be found in the previous cases of *Reddaway* v. *Banham*, [1896] A. C. 199, and *Cellular Clothing Co.* v. *Maxton*, [1899] A. C. 326, decided by the House of Lords and Privy Council respectively, and it is this: Is the defendant, as a question of fact, passing off its goods as the plaintiff's goods, or passing itself off as the plaintiff? It is laid down in those cases that where the sole thing on which the plaintiff relies for relief against the defendant is a word common to the public, as in case of a geographical name, the plaintiff is not entitled to protection unless he proves that the name has been so exclusively identified with his own manufacture as to have acquired a secondary meaning, as was done in *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85.

But in the case at bar the plaintiffs' right to protection does not depend on the defendant's having adopted a similar single word alone, but on the combination adopted by the defendant of the business name of "Boston Trade Peanut Roasting Company," a name almost identical with the plaintiffs' name of "Boston Peanut Roasting Company," together with the fact that the business done by the defendant is identically the same, and that the defendant has selected a place of business not only in the same city but on the same street. That justifies a finding that the action of the defendant is calculated to induce the public to trade with the defendant under the belief that it was trading with the plaintiffs. See *Holbrook* v. *Nesbitt*, 163 Mass. 120, 125.

Although it might have been more explicit, we think that the finding is sufficient "that the similarity of names is likely to create confusion and lead to mistakes, and that such mistakes have been and are damaging to complainants. Both complainants and defendant do roasting for persons at a distance from Boston. These customers at a distance sometimes communicate their orders by mail and one mistake in the delivery of mail was proved at the hearing."

It is not necessary to prove that there was a fraudulent intention to deceive. *Cellular Clothing Co.* v. *Maxton*, [1899] A. C. 326, 334, affirming *Millington* v. *Fox*, 3 Myl. & Cr. 338, 352. See also *Reddaway* v. *Banham*, [1896] A. C. 199, 219.

The defendant's next contention is that his use of the name is the prior use. This is founded on the fact that the use of the name "Boston Peanut Roasting Company," which was being made by Viano when the defendant began to use it five months before the bill in this suit was filed, was as a partner with Cavagnaro, and that during those five months Cavagnaro retired and the plaintiff Roman succeeded him as the plaintiff Viano's partner. We do not think that the plaintiff Viano's right to protection in the use of his name as against third persons is affected by this change in partnership.

The last position assumed by the defendant is that Cavagnaro testified that he did not sell his good will to Viano. But the defendant is a third person who does not claim under Cavagnaro. The question here is of the plaintiffs' right against a stranger, not as against a former partner, and for that reason the principle

of *Webster* v. *Webster*, 180 Mass. 310, cited by the defendant at the argument in this connection, does not apply.

The several objections of the defendant are not well taken, and the plaintiffs are entitled to relief. The terms of the decree must be settled by a single justice.

*So ordered.*