HIGHLAND DYE WORKS, INCORPORATED *vs.* ANTHONY G. ANTEBLIAN.

Middlesex. November 4, 5, 1929. — January 28, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Unlawful Interference. Name. Equity Pleading and Practice,* Master: exceptions to report.

A master in a suit in equity commenced in 1928 found that the plaintiff since 1926 had carried on a cleansing and dyeing business under the name "Highland Dye Works" in the same district in a city in which the defendant since 1920 had carried on a similar business under the name "Highland Dye House"; that the plaintiff adopted his name in good faith; that, through extensive advertising by the plaintiff, the word "Highland" had acquired a secondary meaning as referring to his business; that the defendant put up signs which were intentional copies of signs, of certain colors and of a distinctive design, already maintained by the plaintiff; that, after the plaintiff had distributed pamphlets of a certain color, the defendant distributed other pamphlets of a like color intentionally copied from those of the plaintiff; that the defendant did no other advertising; that persons of average intelligence would not confuse merely the name "Highland Dye Works" with the name "Highland Dye House"; but that the similarity of the signs taken in connection with the similarity of name would be likely to cause mistake by customers of the plaintiff and of the defendant. The plaintiff sought to have the defendant enjoined from using the name "Highland Dye House" in connection with his business, from displaying signs similar to the plaintiff's and from advertising his business in the manner adopted by the plaintiff. A final decree merely ordered the defendant to remove the signs above described and enjoined him thereafter from using signs so similar to those of the plaintiff as to be likely to cause the public to confuse his business with that of the plaintiff. The plaintiff appealed. *Held,* that

(1) No valid exception lay to the master's finding of fact that persons of average intelligence would not be likely to be misled merely by the similarity of the names "Highland Dye Works" and "Highland Dye House";

(2) The defendant in the circumstances was not guilty of unfair competition merely by the use of his trade name; and the final decree was not erroneous in that it permitted him to continue to use that name;

(3) The final decree was sufficiently favorable to the plaintiff and must be affirmed.

BILL IN EQUITY, filed in the Superior Court on May 23, 1928.

The bill, material findings by a master to whom the suit was referred and decrees entered by order of *F. T. Hammond*, J., are described in the opinion. The plaintiff appealed from both decrees. He had excepted to the finding by the master, that persons of average intelligence would not confuse the name "Highland Dye Works" with the name "Highland Dye House," on the grounds that the finding was immaterial, that it was not warranted by the other facts found by the master and that it was inconsistent with the finding that the effect of the signs maintained by the defendant was to cause customers to mistake the business of the defendant for that of the plaintiff.

*F. S. Harvey*, for the plaintiff.

*B. Silverblatt*, for the defendant.

WAIT, J. The plaintiff sought by this bill in equity to restrain the defendant from the use of the name "Highland Dye House" in connection with his business; and from displaying upon his stores signs similar to those used by the plaintiff and advertising his business in the manner adopted by the plaintiff for its advertising. The Superior Court restrained the use by this defendant of signs so similar to those of the plaintiff as to be likely to confuse or mislead the public to mistake the business of the defendant for that of the plaintiff, and ordered the removal of certain signs, but did not restrain the use of the words "Highland Dye House." The plaintiff appeals from the final decree, and from an interlocutory decree overruling its exception to a master's report.

The material facts found by the master are, in substance, as follows: The defendant since 1920 has carried on a cleaning, dyeing, pressing and repairing business at 291 Westford Street in the so called Highland district of Lowell. This store is opposite a corner where large numbers of people congregate to take street cars, and where signs upon it or its windows are in direct view. From 1920 the defendant has there maintained signs having the words "Highland Dye House" followed by either "A. G. Anteblian, Tailor" or "A. G. Anteblian, Prop." He is known by his trade as doing business as Highland Dye House; and because of

his unusual name and difficulty in pronouncing it, is so designated by his customers. In 1923 one Antonopoulos opened a tailor shop at 345 Westford Street. In 1926 he changed his business to cleansing, dyeing, pressing and repairing and adopted the name Highland Dye Works. He took a brother into partnership in 1927, and, under that name, they carried on stores in four places in Lowell, only that on Westford Street being in the Highland district. The master found that Antonopoulos knew of the use of Highland Dye House by the defendant, but in taking the name Highland Dye Works did not have it in mind and acted in good faith. He advertised widely in the press, on a truck, in programs, and booklets, and in other ways. In March, 1928, he was an incorporator of the Highland Dye Works, Incorporated. This corporation purchased the stores and business which the firm had carried on. It also has advertised widely and continuously in many ways. By its advertising and its stores in four distinct parts of Lowell it has given a secondary meaning to "Highland" in connection with "Dye Works" as referring to its business. In 1927 the defendant opened a second store on Chelmsford Street, using a sign "Highland Dye House Branch No. 2 A. G. Anteblian, Prop." The plaintiff has never used the name "Highland Dye House" except by its insertion in the telephone directory with the address of one of its stores immediately following the defendant's telephone address "Highland Dye House 293 Chelmsford" and immediately preceding "Highland Dye Works" with the telephone numbers of all its four stores. The plaintiff placed signs in blue with distinctive lettered name in white over its stores. Subsequently the defendant put up at its stores exactly similar signs in blue and white which were intentional copies of the plaintiff's attractive and distinctive signs. In March, 1927, the plaintiff's predecessor distributed ten thousand pamphlets of a light blue color, and subsequently the defendant distributed five thousand of a like color intentionally copied from them. Apart from this the defendant did no advertising. The master found that persons of average intelligence will not confuse the names "Highland Dye House" and

"Highland Dye Works" if no other points of similarity are present; but that the effect of the large blue and white signs taken with the similarity of name would be likely to cause mistake. There was no evidence that any customer dealing with the defendant had done so in the mistaken belief that he was dealing with the plaintiff. The defendant's customers come not only from Lowell but from the surrounding towns and know the business as the Highland Dye House.

We find no error in overruling the plaintiff's exception to the master's report. The finding that the two names were not likely to be confused by persons of ordinary intelligence when standing by themselves, was a finding of fact. No good exception lies thereto. *Samuels* v. *Spitzer*, 177 Mass. 226. Indeed, the finding that the plaintiff's predecessor acted in good faith in taking the name Highland Dye Works in 1926 can be sustained only on the ground that the words are not so similar to Highland Dye House, the name under which to his knowledge the defendant had for years been doing business only fifty numbers away on Westford Street, that they are not likely to mislead.

Nor do we find that the final decree was wrong in permitting the defendant to continue to use the name which was used by him before the plaintiff or its predecessor began to use some of its words. However reprehensible the action of the defendant in copying the signs and pamphlets of the plaintiff in the endeavor to profit by its advertising, there was no unfair competition in continuing the use of the name. *Burt* v. *Tucker*, 178 Mass. 493. A different situation would exist had the adoption of the name attended or followed the action. *Cohen* v. *Nagle*, 190 Mass. 4. The right of the defendant to the use of the name is as important as the right of the plaintiff to relief. *George G. Fox Co.* v. *Glynn*, 191 Mass. 344, 350. Compare *C. H. Batchelder & Co. Inc.* v. *Batchelder*, 220 Mass. 42. The decree protects the plaintiff from such unfair competition as was found to exist.

*Decree affirmed with costs.*