## CENTRAL SHOE CO. v. CENTRAL SHOE CO., Inc.

### No. 3587.

District Court, D. Massachusetts.
May 20, 1932.

F. H. Nash and Choate, Hall & Stewart, all of Boston, Mass., for plaintiff.

Abram J. Berkwitz, of Boston, Mass., for defendant.

McLELLAN, District Judge.

The plaintiff seeks an injunction against defendant's selling or attempting to sell, under the name "Central Shoe Company" or any name in colorable simulation thereof, its merchandise in the trade territories wherein the plaintiff had previously established itself under practically the same name. The defendant presents a motion to dismiss the bill of complaint. The plaintiff avers in substance that it was organized under the laws of the state of Missouri in 1919 to deal in shoes and footwear, and that it has an established trade in numerous states, under the name "Central Shoe Company."

The bill states that the defendant organized under Massachussetts laws, having changed its name in 1921 to "Central Shoe Company, Inc.," recently has placed its traveling salesmen and is now selling and attempting to sell shoes under the name "Central Shoe Company" to customers of the plaintiff and to the retail shoe trade generally, in territories where the plaintiff had heretofore built up its business. It is alleged that thereby confusion, uncertainty, and injury to the plaintiff's trade and business have arisen and will continue to arise in the future respecting the identity of the two corporations and their merchandise.

These facts are properly pleaded, and, so far as the motion to dismiss the bill of complaint is concerned, are established. The grounds of the defendant's motion are in substance that, being a Massachusetts corporation, it cannot be enjoined in this court from using its name; that a foreign corporation has no right to an injunction against a domestic corporation with reference to the use of a corporate name; that the name of a corporation is in the nature of a franchise which is conclusive as to its right to use its own name; that there was no intent on the defendant's part to deceive; that the plaintiff is guilty of laches; and that no case for equitable relief is stated in the bill of complaint.

The defendant urges that "the fact that a corporation organized under the laws of a domestic state, under the same name as a corporation of a foreign state, and conducts its business in states other than the domestic state, does not give the foreign corporation the right to injunctive relief in a Federal Court."

In a proper case, the foreign corporation is entitled to injunctive relief. The same rule applies to corporate names as to the names of individuals. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769. A corporation as well as an individual is en-

titled to the protection of its good will and business, whether the corporate name be regarded as a trade-mark or a trade-name.

The bill states a proper case for an injunction, not against the use by the defendant of its corporate name, but against the improper use of its name in territory where the plaintiff has an established business and good will. Standard Oil Co. of Maine v. Standard Oil Co. of New York (C. C. A.) 45 F.(2d) '309; Rice & Hutchins, Inc., v. Vera Shoe Company, 290 F. 124 (C. C. A. 2d Circuit). It is not essential to injunctive relief that the defendant should have possessed an intent to deceive. Whatever his intent, a person should not be permitted to continue conduct, the natural consequence of which is to induce others to believe that his merchandise is another's product. Juvenile Shoe Co., Inc., v. Federal Trade Commission, 289 F. 57 (C. C. A. 9th Circuit); Viano v. Baccigalupo, 183 Mass. 160, 67 N. E. 641; Le Page Co. v. Russia Cement Co. (C. C. A.) 51 F. 941.

The statement so often made in cases of this kind that one is presumed to intend the natural consequences of his conduct is another way of saying that intent is immaterial.

The bill states that the defendant has recently sent its salesmen into the allegedly pre-empted territory, and that the plaintiff has discovered only recently the facts on which it relies; the plaintiff seeks, not an accounting, but an injunction against unfair competition. Under these circumstances the defendant's contention as to laches is not sustained. Menendez v. Holt, 128 U. S. 514, 9 S. Ct. 143, 32 L. Ed. 526; Bissell Chilled Plow Works v. T. M. Bissell Plow Co. (C. C.) 121 F. 357, 375.

If the plaintiff's averments are supported by proof, it is entitled to the injunction sought, and the motion to dismiss the bill of complaint must be denied.