NATIONAL SHOE CORPORATION *vs.* NATIONAL SHOE MANUFACTURING CO. INC.

Suffolk. January 5, 1939. — March 1, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Corporation,* Name.

Findings, warranted by reported evidence in a suit in equity to enjoin alleged violation of G. L. (Ter. Ed.) c. 155, § 9, in substance that the use of two identical first words in the corporate names of the defendant and of the plaintiff had not operated to cause confusion among their respective business customers except in two or three instances of a minor nature, that their respective manufactured products were of different character and price, and that there was "no reasonable cause to grant the relief prayed for by the plaintiff," implied a finding that a person of average intelligence would not be misled by the similarity between the two names, and warranted a dismissal of the suit.

BILL IN EQUITY, filed in the Superior Court on June 14, 1938, and afterwards amended.

The suit was heard by *O'Connell*, J., on September 6, 1938, and a final decree was entered dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*M. Tobey & A. A. Tepper*, for the plaintiff.

*D. Whitcomb*, for the defendant.

Cox, J. The plaintiff was incorporated under the laws of this Commonwealth on August 27, 1924, under the name of Universal Shoe Corporation. Its original name has been changed as follows: On December 6, 1929, to National Shoe Co. of Roxbury; on September 1, 1932, to National Shoe Company; on December 30, 1933, to General Shoe Corporation; and on March 19, 1934, to National Shoe Corporation. The defendant was incorporated under the laws of this Commonwealth on December 7, 1921, under the name of National Felt Slipper Co., Inc., and the following changes have been made in its name: on June 27, 1933, to National Shoe & Slipper Co. Inc.; and on March 24, 1938, to National Shoe Manufacturing Co. Inc.

The plaintiff's bill seeks to have the defendant enjoined from the use of its present name, National Shoe Manufacturing Co. Inc. The judge who heard the case made a "Memorandum of Findings and Order," and a final decree was entered dismissing the plaintiff's bill. The plaintiff appealed from this final decree. The evidence is reported and it is our duty to examine it and decide the case according to our own judgment, giving due weight to the findings of the judge whose decision, based in part upon oral evidence, will not be disturbed unless plainly wrong. *Marlborough* v. *Snow*, 301 Mass. 429, 430.

The bill, as originally drawn, proceeds upon the theory of unfair competition, but an amendment was allowed which alleges that the defendant, by the adoption and use of its name, is acting in violation of G. L. (Ter. Ed.) c. 155, § 9. Both parties, as their names imply, are manufacturers of shoes, the plaintiff's factory being in Marlborough, and that

of the defendant in Worcester. The judge found that the plaintiff had failed to sustain the burden of establishing that the use by the defendant of its name had occasioned any serious interference with the business operations of the plaintiff; that while both parties used the words "National Shoe" the similarity "in the use of such words" has not operated to cause confusion among their respective business customers except in two or three instances of a minor nature; that the shoes manufactured respectively by each are of different character and price; and "that there is no reasonable cause to grant the relief prayed for by the plaintiff." We have examined the evidence and, without reciting it, are of opinion that these findings ought not to be disturbed.

The statute which the defendant is alleged to have violated provides, among other things, that a corporation organized under general laws "shall not assume the name of another corporation . . . or assume a name so similar thereto as to be likely to be mistaken for it," except with written consent. The Supreme Judicial Court or the Superior Court has jurisdiction in equity to enjoin a corporation from doing business under a name assumed in violation of the statute. See G. L. (Ter. Ed.) c. 155, § 9, as amended by St. 1938, § 327. The right given by this statute differs essentially from the right to be free from unfair competition or unlawful interference with trade marks or trade names, and primarily is based upon the public right not to be misled by identical or similar corporate names. *Economy Food Products Co.* v. *Economy Grocery Stores Corp.* 281 Mass. 57, 62–63. Compare *International Trust Co.* v. *International Loan & Trust Co.* 153 Mass. 271, 279. The test which this court has applied in determining whether the right of a corporation under the statute in question has been violated is this: Is the similarity of the names such as to mislead a person of average intelligence? *John L. Whiting–J. J. Adams Co.* v. *Adams–White Brush Co.* 260 Mass. 137, 141. This is a question of fact. *Highland Dye Works, Inc.* v. *Anteblian,* 270 Mass. 209, 212, where the court declined to disturb a finding that

persons of average intelligence would not confuse the names "Highland Dye House" and "Highland Dye Works" if no other points of similarity were present. It is true that in the present case the first two words of each corporate name are identical. It is also true that there is nothing peculiar or distinctive in the words "National Shoe." The difference between the two names in the case at bar, taken in their entirety, is such that a finding is not to be disturbed to the effect that a person of average intelligence would not be misled or readily confused. It is true that the judge made no such finding specifically. He did find, however, that "there is no reasonable cause to grant the relief prayed for by the plaintiff," and upon his order a decree was entered dismissing the bill. He made the essential finding at least by implication (see *Snow* v. *Marlborough,* 301 Mass. 422, 427), and the entry of the decree imports the finding of every fact essential thereto. *Commissioner of Insurance* v. *Commonwealth Mutual Liability Ins. Co.* 297 Mass. 219, 221. In saying this we have in mind that the judge found confusion in two or three instances of a minor nature resulting from the similarity in the use of the words "National Shoe." The evidence discloses that these instances might well be found to be due to inadvertence.

The plaintiff has not argued any question other than that involved in a possible violation of the statute, and we think that this course was pursued advisedly, as the judge was not required upon the evidence to find any unfair competition.

*Decree affirmed.*