*Southern District*

### CLAUSON'S AUTO SALES, INC.

v.

### THE GOODYEAR TIRE & RUBBER COMPANY

*Present*: Callan, J. (Presiding) & Kalus, J.

Case tried to *Cox, J.* in the District Court of Northern Norfolk. No. 43816.

*Callan, J.* Under Count 1 the plaintiff seeks to recover under a written agreement the net purchase price of a Plymouth automobile sold to the defendant, while under Count 2 it seeks to recover the same amount on an account annexed.

*There was evidence in this action of contract tending to show that* Clauson's of Chestnut Hill, Inc., hereinafter referred to as the first corporation, was organized in 1957 and did business as an auto agency until about *July*

15, 1959 when it made an assignment for the benefit of creditors. The plaintiff, hereinafter referred to as the second corporation, was organized on *April* 17, 1959 and conducted the auto agency at the same location as the first corporation. Mr. Clauson, president, treasurer and director of the first corporation, became a director of the second. Mr. Mackey, a salesman of the first corporation became the treasurer of the second corporation.

On *May* 12, 1959 the first corporation submitted a quotation to the defendant at its request for the sale of a Plymouth automobile including a trade in for $1,725.00. On *May* 27*th* the defendant sent a purchase order for the car. The quotation form and order form indicated the first corporation to be the seller. On and prior to *May* 12*th* the first corporation was indebted to the defendant in the amount of $802.77 for merchandise sold. On *June* 1*st* when a representative of the defendant selected the color of the car, nothing was said about any change of business ownership. At that time, the representative signed a printed form of purchase order dated *June* 1, 1959 which had a sticker with the name, address and telephone number of the second corporation superimposed at the top of the form over the original letterhead of the first corporation. The representative was never authorized by the defendant to enter into any contract; that he was asked to sign a document as an "acknowledgment that this is the car I want";

that his "only mission was color".

The terms set forth in this instrument of *June 1st* and those set forth in the quotation of the first corporation and the defendant's purchase order are the same except that it contains the provision "color — Emerald Green".

The car was delivered to the defendant's representative at the place of business of the first corporation on *June 24th* together with an invoice which bore a sticker of the second corporation superimposed over the first corporation's name. The car traded in by the defendant was transferred to the first corporation on *August 25th*. There was evidence that the second corporation bought the car in question from the Chrysler Corporation with its corporation check. The Chrysler Corporation billed the first corporation for the same. The second corporation did not obtain a franchise from the Chrysler Corporation until November of 1959.

The plaintiff filed no requests for rulings. The defendant filed twenty seven requests. Those allowed are as follows:

5. The evidence warrants a finding that the latter's indebtedness to the defendant could be set off against the purchase price of the automobile sold by Clauson's of Chestnut Hill, Inc. to the defendant.

8. The plaintiff, in order to recover in this action, must show that the contract between the defendant and Clauson's of Chestnut Hill, Inc. was abrogated and that a new contract was entered into between the defendant and the plaintiff.

17. The plaintiff has the burden of showing that the defendant expressly or implied agreed that the plaintiff should be subtituted in place of the original seller.

18. The signing by the defendant's employee of the purchase order dated June 1, 1959, in which a sticker bearing plaintiff's name had been superimposed upon the letterhead of Clauson's of Chestnut Hill, Inc., is insufficient, under the circumstances of this case, to warrant a finding that the defendant assented to the abrogation of its contract with Clauson's of Chestnut Hill, Inc. and to the making of a new contract with the plaintiff. *Brighton Packing Co. v. Butcher's Assoc.*, 211 Mass. 398, 402.

20. A plaintiff, filling an order given to the original seller and intending a novation by substituting himself in place of the original seller, must make such intention known to the buyer before the latter receives and uses the goods furnished. *Bolch v. Virginia Coal Co.*, 220 Mo. App. 59.

24. The defendant's acceptance of delivery and retention of the automobile and its receipt of an invoice dated June 24, 1959, in which a sticker bearing plaintiff's name was superimposed upon the letterhead of Clauson's of Chestnut Hill, Inc., do not establish that the defendant assented to the substituition of plaintiff for Clauson's of Chestnut Hill, Inc. as the seller of the automobile, in view of the fact that the defendant had not therefore assented to a novation, but had not been notified of plaintiff's intention to substitute itself as the seller of the car, and had acted in the belief and understanding that it has purchased the car from Clauson's of Chestnut Hill, Inc. 3 *Corbin, Contracts, Sec.* 601, *p.* 615.

*Brighton Packing Co. v. Butcher's Assoc.*, 211 Mass. 398, 404.

27. The evidence warrants a finding for the defendant.

The judge made a special finding of facts, found for the defendant on Count 1 and for the plaintiff on Count 2 in the amount of $802.77 without interest.

Claiming to be aggrieved by the judge's action on the requests and by the amount of the finding on Count 2 claims a report to this Court.

It is evident that no valid written contract existed between the defendant and plaintiff for the purchase of the car in question. The representative of the defendant had no authority as the Court found to execute the instrument dated *June* 1, 1959. There was no error in the judge's finding on Count 1.

As to Count 2 the judge found that:

The defendant did not discover that the second corporation was the one it had been doing business with until it was billed for the car and that the defendant never expressly or impliedly assented to any transaction with the second corporation. The evidence showed that all the business done by the defendant was believed to have been done with the first corporation and not the second, the plaintiff. The defendant had every right to believe that his business was being done with the first corporation. The names of the two corporations were similar; two of the officers of the second corporation were those of the first; the place of business

was the same; the salesman was the same; the make of car sold by each was the same.

[1] While an individual inherits his name and usually uses it to identify his business, a corporation acquires its name from the voluntary selection of those who form it, and it is not without significance when they choose a name similar to an existing corporation in the same field. On the evidence in this case, the corporate names might mislead a person of average intelligence. *Nat. Shoe Corp. v. Nat. Shoe Mfg. Co., Inc.*, 302 Mass. 449, 451; *Staples Coal Co. v. City Fuel Coal*, 316 Mass. 503, 507.

■ A corporation is chargeable with the combined knowledge of its officers, directors and agent. Information within their possession is imputable to the corporation. *Walsh v. Lowell Tr. Co.*, 245 Mass. 455; *Beacon Trust Co. v. Souther*, 183 Mass. 413, 417.

The price quotation of the first corporation and the instrument dated *June 1st* were both signed by the same salesman. The second corporation would be affected by his knowledge and should be held to have had at least constructive notice of what had been done. *Nat. Sec. Bank v. Cushman*, 121 Mass. 490.

■ The defendant pleaded set off and since it did business only with the first corporation, it had the right to set off the amount of $802.77 owed it by said corporation. G.L. c. 232, §1. *See Perry v. Pye*, 215 Mass. 403. The plaintiff in this case has no greater rights.

The defendant at trial conceded owing and consented to pay the plaintiff the amount of $922.23, being the balance due after giving credit for the trade in car and the amount set off. [*See*: *Kaufman v. Seidman,* 251 Mass. 210.]

We have had the benefit of the exhibits and find there is no error in the granting of all requests. Judgment on Count 2 is to be entered in the amount of $922.23 instead of $802.77, as per stipulated in report.

The report is ordered dismissed.

Richard W. Renehan of Boston, for the Plaintiff.

Paul V. Salter and Julius Mannahauser, both of Boston, for the Defendant.