FIRST REALTY GROUP, INC., a Wisconsin corporation, Plaintiff-Appellant,

v.

FIRST REALTY, INC., a Wisconsin corporation, Defendant-Respondent.

Court of Appeals

*No. 87–0574. Submitted on briefs June 30, 1987.—Decided September 16, 1987.*

(Also reported in 415 N.W.2d 557.)

On behalf of the plaintiff-appellant the cause was submitted on the briefs of *Donald D. Johnson* of *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

On behalf of the defendant-respondent the cause was submitted on the brief of *Paul E. Rebholz* of *Rebholz & Rebholz, S.C.,* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. First Realty Group, Inc. (the Group) appeals from a judgment dismissing its complaint against First Realty, Inc. (First Realty). The issue presented is whether the Group was entitled to injunctive relief on the ground that First Realty's corporate name is deceptively similar to the Group's name in violation of sec. 180.07(3), Stats. Upon review of the record, we affirm the judgment of the trial court.

Although the Wisconsin Supreme Court has addressed the issue of when a corporation's use of a name violates another corporation's common law interest in a trade name, *First Wis. Nat'l Bank v. Wichman,* 85 Wis. 2d 54, 60, 270 N.W.2d 168, 171 (1978), no Wisconsin cases address the issue presented here of when a corporate name violates sec. 180.07(3), Stats. However, courts in other jurisdictions have held that the issue of whether one corporate name is deceptively similar to another presents a question of fact, requiring a determination of whether, based on the corporate names and the circumstances surrounding the operation of the corporations, there is any likelihood of the public being confused or deceived. *See Guardian Life Ins. Co. v. Guardian Nat'l Life Ins. Co.,* 184 F. Supp. 851, 854 (E.D. La. 1960). If the similarity between two corporate names does not tend to deceive an ordinary purchaser, then a statutory requirement that a name not be the same as or deceptively similar to that of another corporation is met. *See Howards*

*Clothes, Inc. v. Howard Clothes Corp.,* 52 N.W.2d 753, 757 (Minn. 1952); *see also National Shoe Corp. v. National Shoe Mfg. Co.,* 19 N.E.2d 734, 735 (Mass. 1939).

Because the trial court was required to examine the circumstances surrounding the corporations' operations, we reject the Group's argument that this court should consider only the parties' names in reviewing the trial court's judgment. Moreover, because the trial court's finding that the names are not deceptively similar is not clearly erroneous, we will not disturb it. *See Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983).

■

The only evidence presented at trial demonstrating actual confusion as to the parties' names was evidence that First Realty's franchisor, Better Homes & Gardens, erroneously sent confirmations of referrals received from First Realty to the Group on twelve separate occasions. However, evidence was also presented which indicated that the errors resulted when a number corresponding to the Group rather than to First Realty was mistakenly entered in the Better Homes & Gardens computer. Because the evidence indicated that one employee made one of the errors on her second day of work and that another employee made the other eleven errors within the first two months of her training, the trial court was entitled to determine that these keypunch errors, standing alone, were not sufficient to establish that the similarity in the parties' names is likely to deceive an ordinary purchaser. *Cf. National Shoe,* 19 N.E.2d at 736.

■

In addition, the trial court properly refused to admit testimony by an officer of the Group indicating

that other people told him that they were confused as to the identity of the realtor discussed in a Milwaukee Journal article, properly determining that the proffered testimony was hearsay within the meaning of sec. 908.01(3), Stats., because it was being introduced to establish that the individuals who expressed their concern to the Group were actually confused.

While no other evidence of confusion was presented, the testimony presented by First Realty indicated that it operates in areas of southeast Wisconsin in which the Group only makes referrals. The evidence also indicated that in its yard signs, advertising and telephone listings, First Realty's name is always combined with that of Better Homes & Gardens, with the exception of a telephone listing in Waukesha. Based on this evidence, the differences in the parties' names, and the dearth of evidence of actual confusion or evidence supporting the Group's theory that the similarity in the names will cause it to lose commissions on referrals to its own affiliates in southeast Wisconsin, the trial court's determination that First Realty has not violated sec. 180.07(3), Stats., will not be disturbed.

*By the Court.*—Judgment affirmed.