HUB DRESS MANUFACTURING COMPANY *vs.* SAMUEL ROTTENBERG & another.

Suffolk.   December 1, 1920. — January 11, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Trade Name. Unlawful Interference. Equity Jurisdiction,* To enjoin interference with use of trade name. *Equity Pleading and Practice,* Finding by judge.

At the hearing by a judge of the Superior Court of a suit in equity between two manufacturers and sellers at wholesale of women's dresses to enjoin the defendant from using a trade name similar to that used by the plaintiff, the evidence was taken by a commissioner appointed under Equity Rule 35, and the judge found that the dresses made and sold by the plaintiff were all of staple cotton material such as prints and calicoes, which could be washed, while those made and sold by the defendant were silk and woollen dresses, which were rarely of plain or staple mixtures and which were known in the trade as novelty goods and were not what are called wash dresses; that the plaintiff and the defendant were not

competitors, and that the name adopted by the defendant was not likely to mislead those with whom the parties dealt and among whom they looked for business. A decree dismissing the bill was entered and the plaintiff appealed. *Held,* that

(1) The findings were right;

(2) There was no unfair trade competition or interference on the part of the defendant;

(3) The decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on November 19, 1919, to enjoin the defendants "from carrying on their business under the said name 'Hub Novelty Dress Company,' or any other name containing both the words 'Hub' and 'Dress.'"

In the Superior Court, the suit was heard by *Lawton,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. The judge found the following facts:

"The plaintiff and the defendants are not competitors. While both sell women's dresses ready-made, the plaintiff sells only dresses of cotton material which can be washed and the defendants sell only dresses that cannot be washed. Moreover, while the defendants' dresses are all of silk or woollen (mostly the former) they are rarely of plain or staple texture; they are figured and of recent patterns or peculiar weaves and properly, in trade use are called novelty goods. Both the plaintiff and the defendants sell only at wholesale, neither sells to the general public. The plaintiff sells throughout the United States, the defendants throughout New England a large part of the business of both is in Boston.

"I cannot find that the name used by the defendants is so similar to the plaintiff's name as to be likely to mislead the people with whom each deals and among whom each is seeking customers. The fact that the plaintiff has been called on the telephone several times by people who wished to talk with the defendants does not satisfy me that possible customers of the plaintiff have been, as a matter of fact, misled by the similarity of names. I am satisfied there was no intention on the part of the defendants to mislead or deceive. There is no evidence of actual injury to the plaintiff's business."

By order of the judge a decree was entered dismissing the bill with costs; and the plaintiff appealed.

*J. J. Kaplan,* for the plaintiff.

*C. S. Hill,* for the defendants.

CARROLL, J. The plaintiff, a Massachusetts corporation, has carried on business since January, 1918, in its corporate name, the Hub Dress Manufacturing Company. In July, 1919, the defendants adopted the name Hub Novelty Dress Company. The plaintiff in this suit in equity prays that the defendants be restrained from conducting their business under the name "Hub Novelty Dress Company" or "any other name containing both the words 'Hub' and 'Dress.'" The defendants demurred, but went to trial on the merits. This was a waiver of the right to be heard on the demurrer. *Bauer* v. *International Waste Co.* 201 Mass. 197, 200, 201.

The parties are manufacturers of women's dresses, selling their goods only at wholesale. The plaintiff sells throughout the United States, the defendants in New England, and a large part of the business of both is in Boston. The dresses sold by the plaintiff are all of staple cotton material such as prints and calicoes, which can be washed. The defendants make and sell silk or woollen dresses which are rarely of plain or staple texture. They are known in the trade as novelty goods and are not what are called wash dresses. The judge found that the plaintiff and the defendants were not competitors and a decree was entered dismissing the plaintiff's bill.

While it is the duty of this court in a suit in equity where the evidence is reported to examine carefully the evidence and reach its own decision on the facts, yet the finding of the trial court, where he has the opportunity to see the witnesses, will not be reversed unless plainly wrong. *Jennings* v. *Demmon*, 194 Mass. 108. From a careful examination of the evidence we are satisfied that the finding was right, and it must stand.

"The plaintiff is entitled to relief only on the ground of unfair trade competition or interference with his established rights. . . . There can be no recovery unless it appears that there has been a wrongful appropriation by the defendants of trade which belonged to the plaintiff. . . . Actual or probable deception of the public to the harm of the plaintiff is the basis of the action. There can be no unfair competition unless the plaintiff is in fact a rival for the trade which the defendants secure." *Kaufman* v. *Kaufman,* 223 Mass. 104, 106, 107. This principle of law is controlling in the case at bar.

The defendants did not attempt to palm off their goods as those of the plaintiff. They did not attempt to appropriate the plaintiff's business by using the name "Hub Novelty Dress Company." Cotton dresses such as were made by the plaintiff were not made by the defendants. Their product was of a material well known in the trade and entirely different from that used by the plaintiff. Under such conditions it is improbable that the customers of the plaintiff in the exercise of ordinary care, could be deceived to the plaintiff's harm, or could confuse the name of one concern with the other. The business of the parties was not the same and they were not in fact competitors. See *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100. Unless the dealers who bought at wholesale were likely to be deceived, or the defendants attempted to profit by the plaintiff's reputation by taking its business, by unfair means, the plaintiff cannot have relief. As was said in *Viano* v. *Baccigalupo*, 183 Mass. 160, 163, "Is the defendant, as a question of fact, passing off its goods as the plaintiff's goods, or passing itself off as the plaintiff?" It has been found by the judge who heard the evidence that the name adopted by the defendants is not likely to mislead those with whom the parties deal and among whom they look for business. This finding is fully warranted by the evidence. The parties were not rivals, and the defendants did not attempt to pass off their goods as the plaintiff's or to deceive the public. The decree for the defendants must be affirmed, with costs.

*So ordered.*