THE WOMEN'S MUTUAL BENEFIT SOCIETY, ST. MARY OF CARMEN *vs.* THE CATHOLIC SOCIETY FEMININE OF MARIA, S.S. OF MONTE CARMELO.

Middlesex. April 4, 1939. — November 28, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Corporation, Name. Unlawful Interference. Name.*

The provisions of § 9 of G. L. (Ter. Ed.) c. 155 give to a corporation no right to enjoin the use, by a corporation previously incorporated, of a name so closely resembling its name "as to be likely to be mistaken for it."

A corporation properly may use and be known by a name other than its corporate name.

A corporation incorporated under G. L. (Ter. Ed.) c. 176, using on its applications for membership an Italian name different from its corporate name, was not entitled to enjoin one incorporated under c. 180 from a like use of an Italian name so similar to the name the plaintiff was using as to "lead to confusion," where the two corporations had different requirements for membership and no actual competition between them was shown.

BILL IN EQUITY, filed in the Superior Court on June 16, 1938.

A final decree dismissing the bill was entered by order of *M. Morton,* J. The plaintiff appealed.

*P. C. Borré,* for the plaintiff.

*B. Ginsburg, (W. E. Ginsburg* with him,) for the defendant.

DOLAN, J. This is a suit in equity. In the bill the plaintiff prays specially that the defendant be restrained from representing itself "in any way as Societa' Maria SS. Del Monte Carmelo Femminile." The case was referred to a master who dealt with it in his report on the basis that the plaintiff not only sought the relief set forth in the special prayer, but also sought to have the defendant enjoined from using its corporate name. Since the plaintiff cannot prevail as to these subject matters we assume in its favor that the granting of relief with relation to the corporate name of the defendant would be within the scope

of the stating part of the bill.   *Bleck* v. *East Boston Co.* 302 Mass. 127, 130.

Material facts found by the master are these: The plaintiff was incorporated on June 6, 1938, under the provisions of G. L. (Ter. Ed.) c. 176, as a fraternal benefit society, and the defendant was incorporated on May 19, 1938, under the provisions of G. L. (Ter. Ed.) c. 180, which relate to the creation of civic, educational, charitable, benevolent or religious corporations.   Both corporations were outgrowths of a voluntary society called "Societa' Femminile di Maria SS. del Carmine," in which dissension had arisen among the members.   The plaintiff corporation uses the "Italian" name, "Societa' Femminile Maria ss. del Carmine" on applications for membership, and in its business meetings.   The defendant makes similar uses of the "Italian" name "Societa' Maria ss. del Monte Carmelo Femminile."   Material ultimate findings of the master are (1) that the "Italian" names used by the plaintiff and defendant are so similar as to "lead to confusion" (paragraph 30); (2) that the "English" or "charter" names of the plaintiff and defendant do not so closely resemble one another as to "mislead the public or lead to confusion" (paragraph 29); and (3) that the English or charter name of the defendant is so similar to the corporate name of the plaintiff "as to be likely to be mistaken for it" (paragraph 32).

Objections of the plaintiff appended to the master's report, which became exceptions by implication of law, *Zuckernick* v. *Jordan Marsh Co.* 290 Mass. 151, 155, are as follows: "1. Paragraph 29 and paragraph 32 are inconsistent as findings of fact. 2. The facts as reported by the master in his entire report as a matter of law should set forth a conclusion that the English names as well as the Italian names of the complainant and respondent in this case are such that they might mislead the public or lead to confusion."   An interlocutory decree was entered overruling the plaintiff's exceptions and confirming the master's report.   The plaintiff did not appeal from this decree.   A final decree was thereafter entered, so far as

now material, dismissing the bill. From this decree the plaintiff appealed. See G. L. (Ter. Ed.) c. 214, § 27; *Gibbons* v. *Gibbons*, 296 Mass. 89, and cases cited.

The plaintiff has not argued its exceptions to the inconsistent ultimate findings of the master relative to the corporate names of the parties, but has elected to proceed upon the finding most favorable to it, namely, that the corporate name of the defendant is so similar to the corporate name of the plaintiff "as to be likely to be mistaken for it." Since the plaintiff cannot prevail upon this phase of the case we deal with it on the same basis.

The plaintiff rests its contention that the defendant should be enjoined from using its corporate name upon the provisions of G. L. (Ter. Ed.) c. 176, § 6, and c. 155, § 9. Chapter 176, § 6, whereunder it is provided that the name of a fraternal benefit society "shall not so closely resemble the name of any corporation or insurance company already transacting business in the commonwealth as to mislead the public or lead to confusion," cannot avail the plaintiff since the master has found that the defendant was incorporated before the plaintiff was. For the same reason the provisions of c. 155, § 9, afford the plaintiff no aid. It follows that the judge did not err in this respect in dismissing the bill.

The question remains whether on the facts found by the master the court below erred in not enjoining the defendant from the use in any manner of the name "Societa' Maria ss. del Monte Carmelo Femminile," adopted by it for use in applications for membership in its association, in view of the fact that the plaintiff, for the same purposes, makes use of the name "Societa' Femminile Maria ss. del Carmine." The finding of the master that the "Italian" name thus used by the defendant is so similar to the "Italian" name so used by the plaintiff as to lead to confusion must stand. While the words "lead to confusion" are found in the provisions of G. L. (Ter. Ed.) c. 176, § 6, we have already pointed out that § 6 has no application to the present case. There is no statutory prohibition whereunder a corporation may not use a name other than its

own apart from the matter of infringing upon another's right to use a name. Both the corporations here involved could properly use and be known by names other than their corporate names. *Minot* v. *Curtis*, 7 Mass. 441, 444. *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 173–176. See *Lord* v. *Cummings*, 303 Mass. 457, 458, and cases cited. Relief can be had only upon the ground of unfair competition or interference with established rights. "Actual or probable deception of the public to the harm of the plaintiff is the basis of the action. There can be no unfair competition unless the plaintiff is in fact a rival for the trade which the defendants secure." *Kaufman* v. *Kaufman*, 223 Mass. 104, 106, 107. *Loew's Boston Theatres Co.* v. *Lowe*, 248 Mass. 456. *Tent, Inc.* v. *Burnham*, 269 Mass. 211.

The parties to the present case were incorporated under different statutes: the plaintiff under G. L. (Ter. Ed.) c. 176, which provides for the creation of fraternal benefit societies with provisions for the payment of disability and death benefits; the defendant under G. L. (Ter. Ed.) c. 180, which provides for the creation of civic, educational, charitable, benevolent or religious corporations, but contains nothing authorizing such corporations to pay death or disability benefits. Thus a principal purpose for the creation of the plaintiff is lacking among the purposes for the incorporation of the defendant. The ability of the plaintiff to hold out the inducements of benefits within the meaning of c. 176, and the defendant's inability to do so, render their appeals to prospective members so materially different, that we think it cannot be said that they are in fact rivals for the same "trade." In order to become a member of the plaintiff association, one must be an Italian or of Italian extraction. This is not necessary to membership in the defendant society. Despite the similarity in the "Italian" names used by the parties, in the absence of findings of any wrongful obtaining of prospective members of the plaintiff corporation, or of findings of an attempt by the defendant to lead the public to believe it was the plaintiff, the case stands as one of two different corporations with different purposes, and with different requirements for

membership.   It has not been found or shown that there is any actual competition between them, and hence no ground for granting the special relief prayed for.   *Hub Dress Manuf. Co.* v. *Rottenberg,* 237 Mass. 281, 283.   *Wallingford* v. *International Manuf. Co.* 244 Mass. 477, 480.   *Economy Food Products Co.* v. *Economy Grocery Stores Corp.* 281 Mass. 57. *New Method Die & Cut-Out Co. Inc.* v. *Milton Bradley Co.* 289 Mass. 277, 286.

The entry will be

*Final decree affirmed with costs.*