## FOLMER GRAFLEX CORPORATION v. GRAPHIC PHOTO SERVICE et al.

### No. 972.

District Court, D. Massachusetts.

Dec. 18, 1940.

Irving U. Townsend, I. U. Townsend, Jr., and Emery, Booth, Townsend, Miller & Weidner, all of Boston, Mass., for plaintiff.

Worth Rowley, of Boston, Mass., for defendants.

BREWSTER, District Judge.

In this action defendants have moved to dismiss on the sole ground that the complaint fails to state a claim upon which relief can be granted. The defendants, doing business as the Graphic Photo Service Corporation, are charged with the infringement of the trade-mark "Graphic" and with unfair competition.

Plaintiff, in its complaint, alleges the wide and continuous use, since 1896, of the word "Graphic" to distinguish cameras and photographic supplies manufactured by it or its predecessors from similar products

964

manufactured by others; that the trademark has been extensively advertised in periodicals and other advertising mediums, and that the public has come to recognize, as plaintiff's products of uniformly high quality, those sold under the trade-mark.

The infringement charged is the use of the word "Graphic" in defendants' trade name in its advertising and sales of cameras and photographic accessories and their attempt to trade upon the trade-mark "Graphic"; that infringing acts have been committed in the District of Massachusetts which constituted acts of unfair competition calculated to deceive the public and to injure the business and reputation of the plaintiff, causing loss of profits and other advantages that would otherwise accrue.

It is further alleged that, in 1906, the trade-mark was duly registered, pursuant to the provisions of the Statutes of the United States, 15 U.S.C.A. § 81 et seq.

The defendants, relying upon Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, contend that the plaintiff's right to relief must be determined solely with reference to the laws of Massachusetts. That, therefore, the allegation falls short of stating a claim which would entitle the plaintiff to relief in the State court, in that there is no allegation that the defendants ever used on their merchandise imitations of the plaintiff's trade-mark, and there is no allegation of direct and territorial competition.

■■ It must be conceded that enough is alleged to establish property rights in a trade-mark registered under the statutes of the United States. Potter-Wrightington, Inc. v. Ward Baking Co., D.C., 288 F. 597; National Geographic Society v. Classified Geographic, Inc., D.C., 27 F.Supp. 655; Uproar Company v. National Broadcasting Co., 1 Cir., 81 F.2d 373. It cannot be presumed that these rights would not be recognized by the courts of Massachusetts.

■ Statutes of the United States confer upon this court jurisdiction in all suits at law or in equity respecting trade-marks registered in accordance with provisions of the statute, 15 U.S.C.A. § 97, and the courts are vested with power to grant injunctions to prevent violation of any rights of an owner of a trade-mark "according to the course and principles of equity." 15 U.S.C.A. § 99. The jurisdiction conferred upon this court by these statutes will be retained to deal with a claim of unfair competition even though there be no technical infringement of a trade-mark. Armstrong Company v. Nu-enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195; Keystone Macaroni Mfg. Co. v. Arena & Sons, Inc., D.C., 27 F.Supp. 290.

■ If the law as applied in the Federal courts were to prevail, it would not be necessarily fatal to plaintiff's suit that the parties were not directly competitors. Vogue Co. v. Thompson-Hudson Co., 6 Cir., 300 F. 509; Prouty v. National Broadcasting Co., Inc., D.C., 26 F.Supp. 265. What effect Erie R. R. Co. v. Tompkins, supra, may have on the equitable rules which have been developed in the Federal courts to protect the rights of the individual to the goodwill of his business and to protect the public from deceptions due to unfair trade practices is a question that need not be decided in order to dispose of the defendants' motion.

The Massachusetts cases cited by the defendants in support of their contention turn upon the finding of the trial court that the acts of the defendants were not calculated to work harm to plaintiff or a fraud upon the public, and that such results did not as a matter of fact follow. Kaufman v. Kaufman, 223 Mass. 104, 111 N.E. 691; Hub Dress Mfg. Co. v. Rottenberg, 237 Mass. 281, 129 N.E. 442; Libby, McNeill & Libby v. Libby, 241 Mass. 239, 135 N.E. 120.

These cases, however, recognize the proposition that where there has been a wrongful appropriation by a defendant of trade which belongs to a plaintiff, relief may be had. It is said that "actual or probable deception of the public to the harm of the plaintiff is the basis of the action." Kaufman v. Kaufman, supra [223 Mass. 104, 111 N.E. 692].

■■ The plaintiff in its complaint has alleged such wrongful acts. The parties are competitors in a sense that both are engaged in the selling of cameras and photo supplies, and it may well be left to the trial court to determine whether the defendants are invading the rights of the plaintiff by the "actual or probable deception of the public to the harm of the plaintiff."

Defendants' motion is overruled.