JAYS INC. *vs.* EVELYN E. PURCELL.

Suffolk.    January 5, 1943. — January 27, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Unfair Competition.    Unlawful Interference.    Name.    Equity Pleading and Practice*, Decree.

In a suit in equity to enjoin the defendant from unfair competition consisting in part of the use of a business name, not his own name nor one in which he had any natural right but closely similar to the name which through use in a like business had acquired a secondary meaning as descriptive of the plaintiff, a decree for the plaintiff, rather than merely enjoining the defendant from using his name "without making amendments thereto or changes therein to obviate any confusion" of names in the minds of the public, should enjoin him altogether from use of that name in that kind of business or of any word or words so nearly resembling that name as to be likely to be mistaken for it.

BILL IN EQUITY, filed in the Superior Court on July 15, 1942.

The suit was heard by *Morton*, J.

*H. B. Ehrmann*, for the plaintiff.

No argument nor brief for the defendant.

LUMMUS, J.   The plaintiff, a corporation, since 1918 has been engaged in the business of selling at retail women's and misses' wearing apparel in Boston, which it conducts under the name "Jays."   Although its store is in Boston, it advertises in newspapers in Northampton, where it has customers among students at Smith College and other persons.   The word "Jays" has acquired a secondary meaning as descriptive of the plaintiff.

The defendant has started in the same business in Northampton, using the name "Jay's," and signs like those of the plaintiff.   The judge found that "the similarity of names, of the signs, and of the nature of the businesses, is such that a reasonable probability exists that purchasers using ordinary care will be induced to trade with the de-

fendant in the belief that its [*sic*] store is conducted by the plaintiff."

A final decree was entered, restraining the defendant from using the word "Jay's" in connection with her business "without making amendments thereto or changes therein to obviate any confusion in the minds of the public between the name so used as changed and that of the plaintiff." The plaintiff appealed.

In this case the defendant did not use her own name, or any name to which she had any natural right, as in *Cain's Lobster House, Inc.* v. *Cain*, 312 Mass. 512. As long as the defendant uses the name in question in competition with the plaintiff, no amendment or change in the name will effectively prevent confusion on the part of some portion of the public. As Knowlton, J., said in *Samuels* v. *Spitzer*, 177 Mass. 226, 227, "It was easy to choose a satisfactory name unlike the plaintiffs', and to conduct the business in such a way as to leave the plaintiffs the whole benefit of such reputation as they had gained in the community." See also *General Fruit Stores, Inc.* v. *Markarian*, 300 Mass. 90, 95.

The final decree is reversed. A new final decree is to be entered, with costs to the plaintiff, perpetually restraining the defendant and her agents, servants and attorneys, from using the name Jay's or Jays, or any word or words so nearly resembling such name as to be likely to be mistaken therefor, in the business of selling women's and misses' wearing apparel at retail.

*Ordered accordingly.*