**MISHAWAKA RUBBER & WOOLEN MFG. CO. v. PANTHER–PANCO RUBBER CO., Inc.**

**No. 1213.**

District Court, D. Massachusetts.

May 18, 1944.

Robert J. Keating (of Roberts, Cushman & Woodberry), of Boston, Mass., and Herbert L. Shepard and Eugene M. Giles, both of Chicago, Ill., for plaintiff.

Melvin R. Jenney and Richard R. Hildreth (of Churchill & Jenney) both of Boston, Mass., for defendant.

SWEENEY, District Judge.

In this action the plaintiff charges that the defendant infringes its trade-mark, and also seeks damages for alleged unfair competition.

### Findings of Fact

The plaintiff is a manufacturer of utility footwear as distinguished from fashion footwear. It manufactures felt boots, rubbers, galoshes, ·and boots and shoes for heavy outdoor work. The plaintiff's trade-marks are United States Trade-Mark Registration Nos. 36,471 and 356,086.

The design of the trade-mark is a solid red circle, and the mark itself is generally made of red rubber and inlaid in the soles of shoes, rubbers and boots manufactured by the plaintiff, or otherwise affixed to its other products. The plaintiff has spent large sums of money in making this trade-mark well known, and has vigorously defended this trade-mark in several law ac-·tions.

The defendant is a large manufacturer of soles, heels and taps, principally for the shoe repair trade. It does not make complete shoes or boots, and in only a few instances have any of its products been used on new shoes. The plaintiff and the defendant are, therefore, not in direct competition with each other, although they both cater to the same buying public. Competition in the defendant's line of business is very keen. To distinguish its product from that of its competitors, the defendant stamps its name on various shapes of red rubber and attaches these to the tread surface of the heel, sole or tap. The name used on the sole is "Pan-Cord", and on the heel and tap "Panco". Those names are properly registered, and one has been adjudicated in this court, Grosjean v. Panther-Panco Rubber Co., D.C., 26 F.Supp. 344, affirmed by the Circuit Court of Appeals, 1 Cir., in 113 F.2d 252.

It is the plaintiff's contention that the defendant violates its exclusive right to the use of a red circle by so closely approximating a red circle as to deceive the buying public. The first three red marks used by the defendant of which the plaintiff complains are a red diamond-shaped mark, a red rough rectangle whose length is about two and a half times its width, and a red oval which is about three-fifths as wide as it is long. The plaintiff's trade-mark has only two qualities—first, its geometrical design which is a circle, and, secondly, its color which is red. When two such common qualities are used protection cannot be extended to each. It is the combination only that can be protected by registration. Dunhill v. Bartlett & Bickley, Ch.Div.1922, 39 R.P.C. 426.

The defendant sought to register its red oval trade-mark with the United States Patent Office, but in Opposition No. 12,777, the Examiner of Interferences and on appeal the Commissioner ruled against the defendant. That Opposition was between these same parties. The decision of the Commissioner is not binding on this court, but is, of course, of great weight. But it must be borne in mind that the question presented to the Commissioner is not the identical question presented here. The decision was to the effect that a red oval might confuse the public. Our question is whether or not it does confuse the public. Whether confusion exists must depend upon the care with which a customer selects his goods,

and I am of the opinion that the buying public will not be confused in buying the defendant's product by way of thinking that the product which they are purchasing is the plaintiff's. The defendant is not required to guarantee against confusion. In Wrisley v. Iowa Soap Co., 8 Cir., 122 F. 796, 798, the correct rule of law was stated as follows:

"He (the manufacturer) is not, however, required to insure to the negligent or the indifferent a knowledge of the manufacture or the ownership of the articles he presents. His competitor has no better right to a monopoly of the trade of the careless and indifferent than he has, and any rule of law which would insure it to either would foster a competition as unfair and unjust as that promoted by the sale of the goods of one manufacturer as those of another."

See, also, Walter Baker & Co. v. Gray, 8 Cir., 192 F. 921, 928, 52 L.R.A.,N.S., 899; Reynolds & Reynolds Co. v. Norick, 10 Cir., 114 F.2d 278, 281.

In a recent case in which this plaintiff was a party, Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 6 Cir., 119 F.2d 316, 323, the Circuit Court, whose decision as to infringement was not affected by the Supreme Court decision on appeal, stated that the court "is not bound to interfere where ordinary attention by the purchaser will enable him to discriminate."

■ I find that there is not sufficient similarity between the plaintiff's trademark and the defendant's three marks referred to above to cause any confusion in the minds of the public.

■ There is, however, a fourth design which the defendant uses on its packing boxes which is a red circle on which is imposed a picture of a rubber heel and the words "Triple Wear". The imposition of the picture of the heel and the inscription thereunder do not sufficiently change the design of the background as to warrant a finding that there would be no confusion in the minds of the public between the defendants and the plaintiff's goods. A customer, purchasing a pair of rubber heels to replace worn out heels on the plaintiff's shoes, seeing the red circle on the defendant's package might easily be led to believe that he was buying the plaintiff's product. I, therefore, find that the defendant in the use of the red circle on its packaging has infringed the plaintiff's trade-mark, and in that respect the plaintiff is entitled to an injunction and to an accounting.

■ With respect to the claim of unfair competition, this must be decided under the laws of the State of Massachusetts, National Fruit Product Co. v. Dwinell-Wright Co., D. C., 47 F.Supp. 499, affirmed by the Circuit Court of Appeals, 1 Cir., in 140 F.2d 618. See, also, Folmer Graflex Corporation v. Graphic Photo Service, D. C., 44 F.Supp. 429. Under the law of Massachusetts direct competition is necessary to support a charge of unfair competition. The fact that the goods are of the same descriptive properties is not enough. Hub Dress Mfg. Co. v. Rottenberg, 237 Mass. 281, 129 N.E. 442; Kaufman v. Kaufman, 223 Mass. 104, 111 N.E. 691. Inasmuch as these parties are not in direct competition with each other, I must find that the plaintiff has not made out a case of unfair competition apart from the trade-mark infringement.

### Conclusions of law

From the foregoing I conclude and rule that the plaintiff is entitled to an accounting of profits and to an injunction against further infringement of its registered trade-mark by the defendant's use of a red circle on its rubber heel packages, and on any other product, packaging device, or advertising matter.